CALVIN O. BLACK, *Plaintiff in Error*, v. FIRST NATIONAL BANK OF BROOKSVILLE, FLORIDA, J. C. EMERSON and CHARLES MONROE PRICE, *Defendants in Error*.

En Banc.

Opinion filed January 16, 1929.

Petition for rehearing denied February 20, 1929.

*Hampton & Green*, for Plaintiff in Error;

*Marby, Reaves & Carlton* and *Whitehurst & Whitehurst*, for Defendants in Error.

PER CURIAM.—On January 26th, 1926, plaintiff in error borrowed from defendant in error $5,000.00, evidencing said borrow with his promissory note due in six months thereafter. To secure this note plaintiff in error placed with defendant in error a certain note drawn by B. H. Robinson, attorney in fact, in favor of J. C. Emerson for the sum of $23,000.00, said last named note being the property of plaintiff in error. On August 20, 1926, defendant in error mailed by registered letter to plaintiff in error notice that on the first day of September, 1926, at 12:00 o'clock noon, in its banking room at Brooksville, Florida, as authorized

by Section 4845, Revised General Statutes of Florida, it would proceed to sell the collateral note for $23,000.00 to recover the face of the $5,000.00 note of plaintiff in error. The $23,000.00 note was sold as per terms of the notice of sale to J. C. Emerson for the sum of $5,000.00 and interest.

On September 21st, 1926, plaintiff in error brought this action for conversion of the $23,000.00 note naming defendant in error, the First National Bank of Brooksville, J. C. Emerson and Charles Monroe Price as defendants and laying his damages at $40,000.00. Trial was had resulting in a verdict and judgment for plaintiff in error in the sum of $50.00. Writ of error was taken to that judgment.

It is contended here that the sale of the note was illegal because, (1) The notice of sale was not given as required by Section 4845, Revised General Statutes of Florida, and (2) The sale to Emerson, a co-maker of the note at a sum much less than its face value under the circumstances shown and prior to maturity amounted to a conversion of the note.

The judgment for the plaintiff in error, plaintiff below established the liability of the defendant. No writ or error or cross writ of error was taken by the defendant. Plaintiff grounds his writ of error on the contention that the note on its face is worth $23,000.00 and that in view of this fact the damages awarded is without support in the record. As against the *prima facie* showing of the value of the note we conclude that the testimony falls far short of proving that the value of the $23,000.00 note was only $50.00 more than the $5,000.00 note it was pledged to secure.

Reversed.

Terrell, C. J. and Whitfield, Ellis, Brown and Buford, J. J., concur.

Strum, J., dissents.

STRUM, J. (dissenting) :

· While I did not participate in the original disposition of this cause by order of affirmance, I am now of the opinion that such disposition was a proper one under the pleadings and evidence. I therefore dissent from the order of reversal.